# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cr 78

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JODI NICHOLAUS SHELL | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on September 29, 2017. It appearing to the Court at the call of this matter on for hearing the Defendant was present with his counsel, Fredilyn Sison and the Government was present and represented through AUSA Chris Hess. From the arguments of counsel for the Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On June 6, 2017 a bill of indictment was issued charging Defendant with possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On September 29, 2017, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the Defendant to that charge. At the end of the Rule 11 proceeding, this Court

1

presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that Defendant has now entered a plea of guilty on September 29, 2017 to a violation of 18 U.S.C. § 2252A(a)(5)(B) that crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(A).

The undersigned made an inquiry of Assistant United States Attorney Chris Hess as to whether or not there is going to be a recommendation that no sentence of imprisonment be imposed upon the Defendant. Mr. Hess advised the Court that such

a recommendation could not be made in this matter.

As a result of the plea of guilty, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted.

It would thus appear from the foregoing, and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release previously entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: October 3, 2017

Dennis L. Howell
United States Magistrate Judge